## Case No. 16,587.

#### UNITED STATES v. TWO HUNDRED QUARTER BOXES OF CIGARS.

[N. Y. Times, Dec. 24, 1858.]

District Court, S. D. New York. Dec. 23, 1858.

VIOLATION OF CUSTOMS LAWS — FORFEITURES — FRAUDULENT INVOICE.

[1. The fact that the appraisers have materially raised the invoice value of imported goods is prima facie, but not conclusive, evidence of undervaluation in a subsequent proceeding to forfeit the goods on the ground of fraudulent invoice.]

[2. If the fact of a material undervaluation is established, it will be presumed that it was done with intent to defraud the revenue, in the absence of clear and credible testimony excusing such undervaluation.]

This was a libel of information filed to forfeit for undervaluation two hundred quarter boxes, one hundred and twenty-five fifth boxes, and eleven hundred and forty tenth boxes, of cigars, imported in the brig Lyra in March last, by Alvarez Hein, manufacturer. The cigars were invoiced at $2,789, but on appraisement their value was raised in the average 19 per cent., whereupon this information was filed. The testimony was conflicting as to what was the actual market price of such cigars at Havana, whence they were imported. at the time of importation.

Mr. Hunt, for the United States.
Mr. Griswold, for claimants.

BETTS, District Judge (charging jury). This action demands the forfeiture of an importation of cigars, addressed to the claimants as consignees from the port of Havana in March last. The invoice of the goods sub-

mitted to the collector in this port was raised on appraisement here and was reported undervalued in its price, in most respects, to a large percentage, nearly to the amount of 30 per cent. The justness of the appraisement has been supported by the testimony of merchants trading in the article between that port and this who have been examined in court on this trial and very considerable evidence has also been submitted on the part of the claimants impugning that evidence by witnesses examined in court, and also in testimony taken on commission in Havana.

It is to be observed by the jury that this prosecution is authorized by express statute, and that the proceedings under it do not correspond entirely to suits between individuals. The United States have exclusive power to regulate the subject of importations from foreign countries to this, and to prohibit them entirely, or clothe their admissions with such conditions or restrictions as may be deemed expedient by congress. The commodities in question are made subject by statute to a duty of 30 per cent. ad valorem, and the importers are bound to make up a true invoice of the market value of the articles in the general market of Havana at the time of exportation, as a measure by which the government may impose and collect the legal duties upon them at their entry. When the goods were offered for entry, they were ordered by the collector to be appraised, and the authority to which they were referred for that purpose is empowered by statute to determine the foreign market value, and that decision is made conclusive for the purpose of assessing duties. It is not, however, conclusive, but only prima facie, proof of that value in this action. It amounts to the latter grade of evidence to that end, and then, by the provisions of another act of congress, the burden is cast upon the claimants to prove, on their part, that the appraisement does represent the real market value of the goods in Havana, and that the invoice is a fair and honest one in respect to that value. The jury will compare and weigh all the testimony on both sides to this point and determine whether the claimants have succeeded in establishing the justness of their invoice against the proof of the government. The evidence furnished in commissions taken abroad is to have the same effect on this inquiry, as to credibility, as if delivered in court.

If the jury find, upon the whole evidence, that the claimants have not justified the prices stated on their invoice, the further inquiry remains to be settled by the jury, whether the undervaluation was made designedly, or was the result of honest mistake or misapprehension. The goods are subject to condemnation only in case they are undercharged, with intent to evade the payment of the legal duties charged upon them. That purpose will be implied and presumed by the jury in the absence of clear and credible testimony on the part of the importers excusing the un-

dervaluation, provided the jury judge the variation so considerable as to import an expectation by the importers that a profit or benefit might be expected to be secured to them by making the importation at the invoice price, instead of its true value in the foreign market. The question upon the motives of the importers and the true state of the foreign market are matters of fact, and are submitted to the jury exclusively for their decision.

The jury retired, and after a considerable time returned into court, saying that they were unable to agree, and, after some discussion, they were discharged.